UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  NOT FOR PUBLICATION
ALONZO WILLIAMS,

                Plaintiff,

    -against-                         **MEMORANDUM
                                                                      AND ORDER**
DISTRICT ATTORNEY QUEENS COUNTY      16-CV-2978 (WFK)
NEW YORK,

                Defendant.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 6, 2016, plaintiff Alonzo Williams, currently incarcerated at the George Motchan Detention Center on Rikers Island, filed this action against defendant District Attorney Queens County New York. The Court liberally construes this action as filed under 42 U.S.C. § 1983.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed as set forth below.

## BACKGROUND

Plaintiff alleges that on January 29, 2016, his rights were violated when he was not represented by counsel in Queens County Criminal Court and further alleges that the "DA lied to seek and incarcerate me illergal [*sic*]." Compl. at 1, ECF No. 1. He seeks $2.5 million in damages because of "sickness due to the mold in the Rikers Island Correctional Facility compound." *Id.* The Court notes that plaintiff previously filed an action against Judge Wong which was dismissed by this Court. *See Williams v. Wong*, 16-CV-1803, slip op. (E.D.N.Y. May 4, 2016) (Kuntz, J.).

---

[1] Although plaintiff utilized a claim form intended for the "State of New York Court of Claims," it is apparent that plaintiff sought to file the action here as the submission was mailed to the United States District Court for the Eastern District of New York and plaintiff also filed the *in forma pauperis* and Prisoner Authorization form here.

1

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents, and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff names only one defendant, the District Attorney Queens County ("District Attorney"), and alleges that "the DA lied to seek and incarcerate me illergal [*sic*]." *See* Compl. at 1. Prosecutors generally enjoy absolute immunity from liability in suits seeking damages for acts

2

carried out in their prosecutorial capacities. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). It is well-settled that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler*, 424 U.S. at 431). Such immunity typically applies when a prosecutor acts as "an officer of the court." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Doe v. Phillips*, 81 F.3d 1204 (2d Cir. 1996); *Dory v. Ryan*, 25 F.3d 81 (2d Cir. 1994); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (prosecutor's immunity applies not only in the courtroom, but also in connection with the decision whether or not to commence a prosecution). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate.'" *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory*, 25 F.3d at 83) (internal alteration omitted). "A prosecutor is . . . entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.' Although such conduct would be 'reprehensible,' it does not make the prosecutor amenable to a civil suit for damages." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (internal citations omitted) (quoting *Imbler*, 424 U.S. at 431 n.34). On the other hand, absolute immunity is unavailable when the challenged conduct does not concern a traditional function of a prosecutor or is unconnected with the judicial process. *See, e.g., Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 495 (1991); *Phillips*, 81 F.3d at 1209. For example, "actions taken as an investigator enjoy only qualified immunity." *Zahrey v. Coffey*, 221 F.3d 342, 346 (2d Cir. 2000).

Here, plaintiff does not allege that the District Attorney acted in a manner beyond quintessential prosecutorial functions. Plaintiff makes only a conclusory statement that the District

3

Attorney "lied to seek [his] incarcerat[ion]." Plaintiff provides no facts to support his complaint against the District Attorney. As such, the District Attorney, to the extent he was personally involved in plaintiff's state court criminal prosecution, is entitled to absolute immunity. As to any claims regarding the alleged failure of counsel to represent plaintiff in his criminal prosecution or mold at Rikers Island, these claims are not attributed to the District Attorney for Queens County.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed because it fails to state a claim upon which relief may be granted and also seeks monetary relief from a defendant who is immune to such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment accordingly.

**SO ORDERED.**

s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: July 21, 2016
Brooklyn, New York

4